# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WILBERT WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-cv-587 |
| ADVANTAGE METALS RECYCLING, LLC, | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Advantage Metals Recycling, LLC ("Defendant"), files this Notice of Removal of this action from the Circuit Court of Jackson County, Missouri, the court in which this case is presently pending to the United States District Court for the Western District of Missouri, Western Division. Removal is proper based on the following grounds:

**I.      Facts**

1. On July 2, 2021, Plaintiff Wilbert Washington filed his original Petition captioned *Wilbert Washington v. Advantage Metal Recycling, LLC*, Case No. 2116-CV14573, in the Circuit Court of Jackson County, Missouri at Kansas City (the "State Court Action"). Plaintiff's original Petition filed in the State Court Action alleges one claim of race discrimination and one claim of age discrimination against Defendant in violation of the Missouri Human Rights Act ("MHRA").

2. The Civil Cover Sheet associated with this Notice is attached hereto as **Exhibit A**.

3. True and correct copies of all the process, pleadings, and orders in the State Court Action that have been filed to date are attached hereto as **Exhibit B**.

4. Defendant was served the original Petition on July 16, 2021. *See* **Exhibit B**,

Affidavits of Service.

5. Defendant has not filed an Answer or other pleading in the State Court Action.

## II. This Court has Diversity Jurisdiction

6. Plaintiff alleges that she is a resident of the State of Missouri. *See* **Exhibit B**, Plaintiff's Petition ¶ 4. Therefore, Defendant believes in good faith that Plaintiff is a citizen of the State of Missouri for purposes of diversity jurisdiction.

7. Plaintiff alleges that Defendant is a Delaware Corporation. Plaintiff's Petition ¶ 5. Defendant's sole member, The David J. Joseph Co., is a corporation organized under the laws of Delaware with its principal place of business in Cincinnati, Ohio. *See* **Exhibit C**, Declaration of Mark Clayton.

8. This action is between citizens of different states over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and it is removeable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

9. The United States Supreme Court and the Eighth Circuit have long instructed that whether the amount in controversy is satisfied is determined based on the damages that plaintiff seeks in his petition, to which he might be entitled under the controlling law for the claims pled. In other words, if a plaintiff has articulated a legal basis for a potential award of damages which might satisfy the jurisdictional amount, then federal jurisdiction exists. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 89, 58 S.Ct. 586, 590 (1938); *Kopp v. Kopp*, 280 F.3d 883, 884-885 (8th Cir. 2002).

10. In calculating the amount in controversy, a party seeking removal of a civil action to federal court may include, among other potential recoveries, a plaintiff's claims for punitive damages, statutory attorneys' fees, and for emotional distress. *See Crawford v. F. Hoffman-La*

*Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001); *see also Embry v. Everest College*, 2016 WL 468012 (W. D. Mo. September 6, 2016) (stating that "damages for emotional distress, punitive damages, or attorneys' fees. . . may be considered when assessing whether the amount in controversy has been met").

11. While Defendant specifically denies Plaintiff's claims and entitlement to all of the remedies demanded, based on the face of the Petition, it is evident that a fact finder could legally conclude that the damages Plaintiff seeks exceed the jurisdictional requisite of $75,000 based on: (1) the extensive allegations and prayers for damages under Plaintiff's MHRA claims and (2) the availability under the MHRA of significant damages, including compensatory and punitive damages, as well as attorneys' fees on these claims.

12. Plaintiff alleges numerous types of damages available for alleged violation of the MHRA which could exceed $75,000. Most notably, Plaintiff seeks recovery for "actual damages in the form of lost wages and benefits, pain and suffering, emotional distress, humiliation, upset, deprivation of civil rights, and in other respects." *See* Plaintiff's Petition, ¶¶ 42 and 50. and WHEREFORE Paragraph.

13. Plaintiff's annual salary was approximately $98,000 at the time of his discharge. As Plaintiff's employment was allegedly terminated on October 14, 2019, Plaintiff could seek lost wages in an amount exceeding the jurisdictional requisite of $ 75,000. *See* Exhibit C, Declaration of Mark Clayton; see also Plaintiff's Petition, ¶ 22.

14. Plaintiff also seeks "an award of […] punitive damages to the maximum extent allowed by law [,]" which the MHRA specifically permits. *See* Plaintiff's Petition, WHEREFORE Paragraph; *see also* R.S.Mo. § 213.111.2.

15. Plaintiff also seeks recovery for attorneys' fees under the MHRA, which **alone** creates the distinct probability of a recovery in excess of $75,000 if plaintiff prevails, given that such recoveries under the MHRA may exceed five figures, even when the discrimination results in nominal or small monetary damages. *See* Plaintiff's Petition, WHEREFORE Paragraph; *see also DeWalt v. Davidson Surface Air*, 449 S.W.3d 401 (Mo. App. 2014) (trial court erred by reducing claim for attorneys' fees of $133,198.50 under the MHRA based on a jury compensatory damage award of $7,500.00). There can be no doubt that if this multi-claim action proceeds to a jury some months from now, Plaintiff's potential fee claim alone likely would exceed $75,000.

16. Accordingly, this action is one under which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (2), and which may be removed to this Court pursuant to 28 U.S.C. § 1441.

### III. Venue is appropriate in this Court

17. Removal to this court is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the federal district court embracing the Circuit Court of Jackson County, Missouri, where the State Court Action was filed. Removal to the Western Division of this Court is proper pursuant to Local Rule 3.2.

18. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including but not limited to improper service of process, improper venue, lack of personal jurisdiction, or Plaintiff's failure to state any claims upon which relief may be granted.

19. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of receipt of the Summons and Petition in this matter.

20. A copy of this *Notice of Removal* and exhibits hereto has been served upon Plaintiff, and, together with a *Notice of Filing of Removal*, will be filed with the Clerk of the Circuit Court of Jackson County, Missouri.

WHEREFORE, Defendant prays that further proceedings in the Circuit Court of Jackson County, Missouri, be discontinued and that said Case Number: 2116-CV14573 now pending in the Circuit Court of Jackson County, Missouri, be removed to the United States District Court for the Western District of Missouri, Western Division, and that such Court assume full jurisdiction of such action as provided by law.

Dated: August 13, 2021

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Joshua J. Cervantes*
Joshua J. Cervantes, MO Bar #69033
7101 College Blvd, Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Joshua.Cervantes@jacksonlewis.com

ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 13th day of August 2021, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, with a copy sent via electronic mail in PDF format to the following counsel of record:

Anne Schiavone
Kathleen E. Mannion
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
aschiavone@hslawllc.com
kmannion@hslawllc.com

ATTORNEYS FOR PLAINTIFF

                                            */s/ Joshua J. Cervantes*
                                            AN ATTORNEY FOR DEFENDANT