# Exhibit B

Documents filed in
State Court Action

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 11:55 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| **WILBERT WASHINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.:** |
| | ) | **Division:** |
| **ADVANTAGE METALS** | ) | |
| **RECYCLING, LLC** | ) | |
| *Serve Registered Agent*: | ) | **JURY TRIAL DEMANDED** |
| 120 South Central Avenue | ) | |
| Clayton, Missouri 63105 | ) | |
| | ) | |
| **Defendant.** | ) | |

### PETITION FOR DAMAGES

COMES NOW Plaintiff, Wilbert Washington, by and through the undersigned counsel, and for his Petition For Damages, states and alleges the following:

### INTRODUCTION

1.      Plaintiff's claims arise out of an employment relationship with Defendant.

2.      The unlawful conduct alleged herein primarily took place at Defendant's business location of 3005 Manchester Trafficway, Kansas City, Missouri 64129.

3.      Defendant subjected Plaintiff to unlawful discrimination on the basis of his race and/or age, in violation of the Missouri Human Rights Act ("MHRA"), and Plaintiff seeks all relief available to the maximum extent allowed by law, including compensatory and punitive damages, costs, fees, and equitable relief.

### PARTIES

4.      Plaintiff is now, and was at all times relevant to the allegations in this Petition, a male resident and citizen of Missouri.

5.     **Defendant Advantage Metals Recycling, LLC ("AMR")** is a limited liability company organized and incorporated in the State of Delaware, and which conducts ongoing business in Missouri, including at its headquarters located at 510 Walnut Street, Suite 300, Kansas City, Missouri, and at its plant location of 3005 Manchester Trafficway, Kansas City, Missouri 64129, where Plaintiff worked.

6.     Defendant employed six or more persons in Missouri during Plaintiff's employment and at the time the allegations made herein took place.

7.     Defendant is an "employer" of Plaintiff as that term is defined within the Missouri Human Rights Act, Mo. Rev. Stat. 213.010(8).

8.     Defendant is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

## JURISDICTION AND VENUE

9.     The discriminatory conduct alleged herein occurred in Jackson County, Missouri, at Defendant's place of business, making this Court an appropriate forum for the adjudication of Plaintiff's claims.

10.     Defendant AMR is subject to personal jurisdiction in Missouri because it conducts ongoing and substantial business in Missouri, has its principal place of business in Missouri, is registered to do business in Missouri, and committed unlawful and tortious acts in Missouri, which are alleged herein.

2

## <u>ADMINISTRATIVE PREREQUISITES</u>

11.     On January 3, 2020, Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR"). The Charge was assigned numbers E-01/20-51774 and 28E-2020-00347C. A copy is attached hereto as **Exhibit A** and is incorporated herein by reference.

12.     On April 5, 2021, the MCHR issued Plaintiff a Notice of Right to Sue, authorizing Plaintiff to file this lawsuit. A copy of the Notice of Right to Sue is attached hereto as **Exhibit B** and is incorporated herein by reference.

13.     This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

## <u>FACTUAL ALLEGATIONS</u>

14.     Plaintiff is a 48 year-old African American male.

15.     He was employed with Defendant for approximately 8.5 years.

16.     Plaintiff was a very good employee who consistently met or exceeded the expectations of his position.

17.     Plaintiff did not receive any formal disciplinary action during his tenure with Defendant, until his termination.

18.     Plaintiff has consistently earned annual raises and performance bonuses in connection with his positive yearly performance evaluations.

19.     Most recently, Plaintiff was a Production Supervisor/Recovery Plant Manager at the Advantage Metals Recycling plant located at 3005 Manchester Trafficway in Jackson County, Missouri.

20.     At the time of his termination, Plaintiff was the only African American supervisor at the Plant in which he worked.

3

21.     On information and belief, Plaintiff was the only African American supervisor throughout AMR's plant locations.

22.     On or about October 14, 2019, Plaintiff's employment was suddenly terminated without warning and without prior disciplinary action.

23.     Before Plaintiff's sudden termination, he did not receive any progressive discipline or a Performance Improvement Plan.

24.     However, Plaintiff is aware of other Caucasian and/or substantially younger individuals who have been given progressive discipline, and/or demoted, instead of being suddenly terminated like he was.

25.     For example, Keith Litle (Caucasian male, 60s) was demoted from Shredder Facility Manager to Feeder Facility Manager before his termination; Steve Brown (Caucasian male, 50s) was demoted from General Manager to Regional Manager and again demoted to Facility Manager; William McBride (Caucasian male, 30s) was demoted from Facility Manager to Supervisor; Phillip Shepard (Caucasian male, 30s) was demoted from Supervisor to hourly before quitting; and Norman Hicklin (Caucasian male, 30s) was demoted from Lead-Person to hourly.

26.     The HR Manager, Brenda Brumbaugh (Caucasian female), and the Operations Manager, Dale Shaw (Caucasian male), communicated Plaintiff's termination to him.

27.     Ms. Brumbaugh and Mr. Shaw alleged the reason for Plaintiff's termination was "performance."

28.     However, Plaintiff had not received prior counseling or discipline concerning any alleged "performance" issue before his termination.

29.     On Plaintiff's most recent annual performance review, he received a rating

4

of "meets expectations."

30.     Additionally, Plaintiff's September 2019 mid-year review was positive.

31.     Under Plaintiff's leadership, his department increased machine capacity 25% in 2019 alone.

32.     During Plaintiff's termination meeting, Ms. Brumbaugh and Mr. Shaw cited an innocuous, isolated event occurring in August 2019 as an alleged basis for his termination.

33.     That was the first time Defendant brought to Plaintiff's attention any alleged issue with respect to that event.

34.     More specifically, in August 2019, in response to a daily Production Report that Plaintiff distributed by email, a Manager in Commercial Sales, Dan Scoropos (Caucasian male), replied to the email and cited a particular shipping goal for the Production Department of which Plaintiff was not aware.

35.     Plaintiff then asked his direct supervisor if he was aware of the shipping goal, and he was not, and nor was Plaintiff's supervisor's manager.

36.     Plaintiff then emailed Mr. Scoropos to confirm that the department was not aware of the goal, and requested that all expectations for Plaintiff's department be communicated to him so that the goals and expectations can be met.

37.     Mr. Scoropos thanked Plaintiff for the email, and to Plaintiff's knowledge, there was no further issue with the exchange, until it was unexpectedly cited in Plaintiff's termination meeting.

38.     After Mr. Scoropos informed Plaintiff of the shipping goal, Plaintiff's department met the goal.

39.      Following Plaintiff's termination, on information and belief, Defendant

replaced him with a substantially younger, Caucasian male manager-trainee who was in his 20s (who might have also been assisted in training by another substantially younger, Caucasian male supervisor, Rene, believed to be in his 30s).

40. Additionally, on information and belief, Defendant engaged in a pattern and practice of discrimination toward employees in the protected age class by demoting and/or terminating these protected individuals.

41. The true reason for AMR's unfair, discriminatory treatment of Plaintiff in the terms, conditions, and privileges of his employment is because of his race and/or age.

42. Because of AMR's illegal treatment of Plaintiff in the terms, conditions, compensation, and privileges of his employment, Plaintiff has suffered actual damages in the form of lost wages and benefits, pain and suffering, emotional distress, humiliation, upset, deprivation of civil rights, and in other respects, all in an amount that the jury deems fair and reasonable.

## COUNT I
## Race Discrimination
(Pursuant to the MHRA, Section 213.055)

43. Plaintiff incorporates by reference all other paragraphs in this Petition as though fully stated here.

44. Defendant intentionally discriminated against Plaintiff on the basis of his African American race in the terms, conditions, compensation, and/or privileges of his employment.

45. Defendant unfairly scrutinized Plaintiff's job performance.

46. Defendant otherwise subjected Plaintiff to adverse treatment in the terms, conditions, compensation, and/or privileges of his employment.

47. Defendant terminated Plaintiff's employment.

6

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 11:55 AM

48.     Plaintiff's race was a motivating factor in Defendant's decision to unfairly scrutinize Plaintiff's performance, to subject Plaintiff to adverse treatment in the terms, conditions, compensation, and/or privileges of his employment, and to terminate Plaintiff's employment.

49.     Defendant failed to make good-faith efforts to enforce policies to prevent race discrimination against its employees, including Plaintiff.

50.     As a direct and proximate result of Defendant's adverse treatment of Plaintiff in the terms, conditions, compensation, and privileges of his employment, including Defendant's termination of Plaintiff's employment, Plaintiff has suffered actual damages in the form of lost wages and benefits, pain and suffering, emotional distress, humiliation, upset, deprivation of civil rights, and in other respects, all in an amount that the jury deems fair and reasonable.

51.     Defendant's discriminatory conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard of, and/or reckless indifference to the rights of Plaintiff, thus justifying an award of punitive damages, as allowed by applicable law, in an amount sufficient to punish Defendant and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Petition, for a finding that he has been subjected to unlawful conduct prohibited by Mo. Rev. Stat. § 213.055 *et seq.*, for an award of compensatory and punitive damages to the maximum extent allowed by law, for his costs expended, for reasonable attorneys' fees, and for any further relief the Court deems just and proper.

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 11:55 AM

## COUNT II
## Age Discrimination
(Pursuant to the MHRA, Section 213.055)

52.     Plaintiff incorporates by reference all other paragraphs in this Petition as though fully stated here.

53.     Plaintiff's age was a motivating factor in the discriminatory conduct he suffered, including but not limited to being subjected to unfair and unwarranted scrutiny of his job performance, and adverse treatment in the terms, conditions, compensation, and privileges of his employment, culminating in his termination.

54.     Plaintiff's compensation, terms, conditions, and privileges of employment were adversely affected by Defendant's discriminatory conduct.

55.     Based on information and belief, the discriminatory treatment of Plaintiff was part of a pattern and practice of age discrimination by Defendant.

56.      As a direct and proximate result of Defendant's discriminatory conduct based on age, Plaintiff has sustained damages including, but not limited to lost wages and benefits.

57.     Defendant's unlawful conduct also caused Plaintiff pain and suffering, emotional distress, humiliation, and upset.

58.     Defendant knew or should have known of the discriminatory conduct Plaintiff was suffering because of age, but failed to address the unlawful discriminatory conduct, and further failed to implement effective and appropriate procedures to stop such unlawful conduct.

59.     By failing to properly address and implement effective procedures to stop the unlawful discrimination, Defendant ratified and condoned the discriminatory treatment of Plaintiff.

60. Defendant's discriminatory conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard of, and/or reckless indifference to the rights of Plaintiff, thus justifying an award of punitive damages, as allowed by applicable law, in an amount sufficient to punish Defendant and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of his Petition for Damages, for a finding that he has suffered age discrimination in violation of the Missouri Human Rights Act; for an award of compensatory and punitive damages to the maximum extent allowed by law; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

### **JURY DEMAND**

Plaintiff demands a trial by jury on all counts and allegations in this Petition.

**RESPECTFULLY SUBMITTED,**

**HOLMAN SCHIAVONE, LLC**

By:     /s/ *Kathleen E. Mannion*
Anne Schiavone, MO Bar #49349
Kathleen E. Mannion, MO Bar #63992
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL:  (816) 283-8738
FAX:  (816) 283-8739
Email: aschiavone@hslawllc.com
Email:  kmannion@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**

9

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 11:55 AM

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | E-01/20-51774 |
| ☒ EEOC | 28E-2020-00347C |

**Missouri Commission on Human Rights** and EEOC

FILED

JAN 03 2020

MO Commission on Human Rights
Jefferson City Office

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Wilbert Washington | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| | | 1971 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Advantage Metals Recycling, LLC; | 15+ | (816) 922-5100 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| Advantage Metals Recycling, LLC: 3005 Manchester Trafficway, Kansas City, MO 64129 | | Jackson |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| The David J. Joseph Company, NUCOR Corporation | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| The David J. Joseph Company; 300 Pike Street, Cincinnati, OH 45202, Registered Agent address: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105; NUCOR Corporation: 1915 Rexford Road, Charlotte, NC 28211, Registered Agent Address: CT Corporation System, 120 South Central Avenue, Clayton, MO 63105 | | Jackson |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ AGE
☐ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ Other

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)     LATEST (ALL)
Approx. August 2019 - October 2019

☒ CONTINUING ACTION

**PARTICULARS:** I am a 48 year-old, African American male. I was employed with Respondents for approximately 8.5 years. I was a very good employee who consistently met or exceeded the expectations of my position, and received no disciplinary action throughout my tenure with Respondents, until my sudden wrongful termination. I have consistently earned annual raises and performance bonuses in connection with my positive yearly performance evaluations. Most recently, I was a Production Supervisor/Recovery Plant Manager at the Advantage Metals Recycling plant located at 3005 Manchester Trafficway in Jackson County, Missouri. I was the only African American supervisor at the plant in which I worked, and I was the only African American supervisor who I was aware of, throughout Advantage Metals Recycling plants.

On or about October 14, 2019, I was suddenly terminated without warning and without prior disciplinary action. Before my sudden termination, I did not receive any progressive discipline or a Performance Improvement Plan, though I am aware of other Caucasian and/or substantially younger individuals who have been given progressive discipline, and/or demoted, instead of being suddenly terminated like I was. For example, Keith Litle (Caucasian male, 60s) was demoted from Shredder Facility Manager to Feeder Facility Manager before his termination; Steve Brown (Caucasian male, 50s) was demoted from General Manager to Regional Manager and again demoted to Facility Manager; William McBride (Caucasian male, 30s) was demoted from Facility Manager to Supervisor; Phillip Shepard (Caucasian male, 30s) was demoted from Supervisor to hourly before quitting; and Norman Hicklin (Caucasian male, 30s) was demoted from Lead-

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 11:55 AM

Person to hourly.

The HR Manager, Brenda Brumbaugh (Caucasian female), and the Operations Manager, Dale Shaw (Caucasian male), communicated my termination to me. They alleged the reason for my termination was "performance." However, I never received prior counseling or discipline concerning any alleged "performance" issue. On my most recent yearly performance review, I received a rating of "meets expectations." Additionally, my September 2019 mid-year review was positive. Under my leadership, my department increased machine capacity 25% in 2019 alone.

During the termination meeting, Ms. Brumbaugh and Mr. Shaw cited an innocuous, isolated event occurring in August 2019 as an alleged basis for my termination. This was the first I had ever heard of any issue with respect to that event. More specifically, in August 2019, in response to a daily Production Report I emailed, a manager in Commercial Sales, Dan Scoropos (Caucasian male), replied to the email and cited a particular shipping goal for the Production Department of which I was not aware. I then asked my direct supervisor if he was aware of the shipping goal, and he was not, nor was his manager. I then emailed Mr. Scoropos to confirm that the department was not aware of the goal, and requested that all expectations for my department be communicated to me so that the goals and expectations can be met. Mr. Scoropos thanked me for the email, and there was no issue with the exchange until it was unexpectedly cited in my termination meeting. After Mr. Scoropos informed me of the shipping goal, my Department met it.

Following my termination, Respondents replaced me with a substantially younger, Caucasian male manager-trainee who was in his 20s (who might be assisted in training by another younger, Caucasian male supervisor, Rene, who I believe is in his 30s). I also believe Respondents engage in a pattern and practice of discrimination toward employees in the protected age class by demoting and/or terminating these protected individuals.

As a result of Respondents' discriminatory treatment, I have suffered lost wages and emotional distress, and I seek all remedies available to me. This is only a summary of facts in support of my Charge, and I will cooperate fully with the Commission in its investigation of my Charge.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>1/3/2020<br>Date     _Wilbert M. Washington_<br>        Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

# FILED

JAN 0 3 2020

MO Commission on Human Rights
Jefferson City Office



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS** 2116-CV14573
**MISSOURI COMMISSION ON HUMAN RIGHTS**

## EXHIBIT B

| **MICHAEL L. PARSON**<br>GOVERNOR | **ANNA S. HUI**<br>DEPARTMENT DIRECTOR | **MARTHA STAGGS**<br>COMMISSION CHAIR | **ALISA WARREN, PH.D.**<br>EXECUTIVE DIRECTOR |
|---|---|---|---|

Wilbert Washington



*Via Complainant Attorney Email*

### NOTICE OF RIGHT TO SUE

RE:     Wilbert Washington vs. ADVANTAGE METALS RECYCLING, LLC
          E-01/20-51774  28E-2020-00347C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.                                        April 5, 2021
Executive Director                                          Date

C:     additional contacts listed on next page

|  ☒  |  ☐  |  ☐  |  ☐  |
|---|---|---|---|
| JEFFERSON CITY OFFICE<br>421 E. DUNKLIN STREET<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | ST. LOUIS OFFICE<br>111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | KANSAS CITY OFFICE<br>P.O. BOX 1129<br>JEFFERSON CITY, 65102-1129<br>FAX: 816-889-3582 | SIKESTON OFFICE<br>106 ARTHUR STREET, SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 11:55 AM

RE:     Wilbert Washington vs. ADVANTAGE METALS RECYCLING, LLC
E-01/20-51774  28E-2020-00347C


ADVANTAGE METALS RECYCLING, LLC
3005 Manchester Trafficway
Kansas City, MO 64129
*Via Respondent Contact Email*

Patricia Pryor
JACKSON LEWIS, P.C.
201 E. 5th Street, 26th Floor
Cincinnati, OH 45202
*Via Email*

Kathleen E. Mannion
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
*Via Email*

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 11:55 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☒ **AT KANSAS CITY** ☐ **AT INDEPENDENCE**

_____
    WILBERT WASHINGTON
                PETITIONER/PLAINTIFF,

VS.                                   CASE NO._____

_____
    ADVANTAGE METALS RECYCLING, LLC
                RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

    Legal Name ____Robert Pedroli_____

    Registration No. (if applicable)_____PPS21-0566_____

The Requestor states that:
☐    The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".
☒    The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.
☐    The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

    ____/s/ Kathleen E. Mannion_____      ____Kathleen E. Mannion_____
        Signature of Requesting Party              Printed Name of Requesting Party

## ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____      _____
      DATE                                  JUDGE

Revised Oct 2016

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 11:55 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| WILBERT WASHINGTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.:** |
| | ) | **Division:** |
| **ADVANTAGE METALS** | ) | |
| **RECYCLING, LLC** | ) | |
| *Serve Registered Agent*: | ) | **JURY TRIAL DEMANDED** |
| 120 South Central Avenue | ) | |
| Clayton, Missouri 63105 | ) | |
| | ) | |
| **Defendant.** | ) | |

## REQUEST FOR SUMMONS

Plaintiff, Wilbert Washington, respectfully requests the Court issue a Summons for

defendant Advantage Metals Recycling, LLC.

RESPECTFULLY SUBMITTED,

HOLMAN SCHIAVONE, LLC

By:     /s/  *Kathleen E. Mannion*
         Anne Schiavone, MO Bar #49349
         Kathleen E. Mannion, MO Bar #63992
         4600 Madison Avenue, Suite 810
         Kansas City, Missouri 64112
         TEL:  (816) 283-8738
         FAX:  (816) 283-8739
         Email: aschiavone@hslawllc.com
         Email: kmannion@hslawllc.com

         **ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 11:59 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **WILBERT WASHINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.:** |
| | ) | **Division:** |
| **ADVANTAGE METALS** | ) | |
| **RECYCLING, LLC** | ) | |
| *Serve Registered Agent*: | ) | **JURY TRIAL DEMANDED** |
| 120 South Central Avenue | ) | |
| Clayton, Missouri 63105 | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, Anne Schiavone, of HOLMAN SCHIAVONE, LLC, and hereby enters

her appearance for Plaintiff Wilbert Washington in the above-captioned matter.

*Respectfully submitted,*

**Holman Schiavone, LLC**

By: /s/*Anne Schiavone*
Anne Schiavone, MO Bar #49349
Kathleen E. Mannion, MO Bar #63992
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL:   (816) 283-8738
FAX:   (816) 283-8739
Email:  aschiavone@hslawllc.com
Email:  kmannion@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**WILBERT WASHINGTON,**

           **PLAINTIFF(S),**          **CASE NO.** 2116-CV14573

**VS.**                          **DIVISION 11**

**ADVANTAGE METALS RECYCLING, LLC,**

           **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION
_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **ADAM CAINE** on **28-OCT-2021** in **DIVISION 11** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.      A trial setting;

      b.      Expert Witness Disclosure Cutoff Date;

      c.      A schedule for the orderly preparation of the case for trial;

      d.      Any issues which require input or action by the Court;

      e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

*/S/ ADAM CAINE*
ADAM CAINE**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ANNE SCHIAVONE, 4600 MADISON AVE STE 810, KANSAS CITY, MO 64112

Kathleen E. Mannion, 4600 Madison Ave, SUITE 810, KANSAS CITY, MO 64112

Defendant(s):
ADVANTAGE METALS RECYCLING, LLC

Dated: 09-JUL-2021

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Kansas City - July 02, 2021 - 11:55 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
[X] **AT KANSAS CITY** [ ] **AT INDEPENDENCE**

_____
WILBERT WASHINGTON
PETITIONER/PLAINTIFF,

VS.                                                    CASE NO._____

_____
ADVANTAGE METALS RECYCLING, LLC
RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name ____Robert Pedroli_____

Registration No. (if applicable)_____PPS21-0566_____

The Requestor states that:
[ ]   The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".
[X]  The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.
[ ]   The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

____/s/ Kathleen E. Mannion_____          ____Kathleen E. Mannion_____
Signature of Requesting Party                              Printed Name of Requesting Party

## ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

____09-Jul-2021_____          _Cheryl Smalley_____
DATE                                                            DEPUTY COURT ADMINISTRATOR

Revised Oct 2016



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ADAM CAINE | **Case Number: 2116-CV14573** |
| Plaintiff/Petitioner:<br>WILBERT WASHINGTON | Plaintiff's/Petitioner's Attorney/Address<br>Kathleen E. Mannion<br>4600 Madison Ave<br>SUITE 810<br>KANSAS CITY, MO 64112 |
| **vs.** | |
| Defendant/Respondent:<br>ADVANTAGE METALS RECYCLING, LLC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ADVANTAGE METALS RECYCLING, LLC
Alias:

SERVE: REGISTERED GENT
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-JUL-2021
_____        _____
Date                                                 Clerk

*JACKSON COUNTY*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                         Date                                             Notary Public

| | |
|---|---|
| **Sheriff's Fees** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 21-SMCC-6397    1 of 1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
Case 4:21-cv-00587-HFS   Document 1-2   Filed 08/13/21   Page 21 of 26
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☒ **AT KANSAS CITY** ☐ **AT INDEPENDENCE**

___WILBERT WASHINGTON_____
                    PETITIONER/PLAINTIFF,

VS.                                                    CASE NO.___2116-CV-14573___

__ADANTAGE METALS RECYCLING, LLC__
                    RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name ___David M. Roberts_____

Registration No. (if applicable)___PPS21-0016_____

The Requestor states that:

☐  The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☒  The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐  The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_/s/ Kathleen E. Mannion_____        ___Kathleen E. Mannion_____
        Signature of Requesting Party                              Printed Name of Requesting Party

## ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____        _____
          DATE                                                             JUDGE

Revised Oct 2016

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☒ **AT KANSAS CITY** ☐ **AT INDEPENDENCE**

___WILBERT WASHINGTON_____
PETITIONER/PLAINTIFF,

VS.                                           CASE NO.___2116-CV-14573____

__ADANTAGE METALS RECYCLING, LLC__
RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name ___David M. Roberts_____

Registration No. (if applicable)___PPS21-0016_____

The Requestor states that:
☐ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".
☒ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.
☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_/s/ Kathleen E. Mannion_____          ___Kathleen E. Mannion_____
Signature of Requesting Party                                Printed Name of Requesting Party

## ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____          _____
15-Jul-2021
DATE                                                      DEPUTY COURT ADMINISTRATOR

Revised Oct 2016

Electronically Filed - Jackson - Kansas City - July 20, 2021 - 11:33 AM



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>ADAM CAINE | Case Number: 2116-CV14573 | |
|---|---|---|
| Plaintiff/Petitioner:<br>WILBERT WASHINGTON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>Kathleen E. Mannion<br>4600 Madison Ave<br>SUITE 810<br>KANSAS CITY, MO 64112 | |
| Defendant/Respondent:<br>ADVANTAGE METALS RECYCLING, LLC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: ADVANTAGE METALS RECYCLING, LLC
Alias:

**SERVE: REGISTERED GENT**
**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO 63105**

# PRIVATE PROCESS SERVER

**COURT SEAL OF**



**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-JUL-2021
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

Fannie Lee (name), Intake Specialist (title).

☐ other _____.

Served at 120 S. Central (address)

in County of St Louis (County/City of St. Louis), MO, on 7-16-21 (date) at 11:47 am (time).

Robert Pelw.
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

AMY C RAFFERTY
Notary Public, Notary Seal
State of Missouri
St. Louis City
My Commission Expires 02-23-2025

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-6397** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00587-HFS Document 1-2 Filed 08/13/21 Page 25 of 26

Electronically Filed - Jackson - Kansas City - July 20, 2021 - 11:33 AM

 IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: ADAM CAINE | **Case Number: 2116-CV14573** | |
|---|---|---|
| Plaintiff/Petitioner: WILBERT WASHINGTON vs. | Plaintiff's/Petitioner's Attorney/Address Kathleen E. Mannion 4600 Madison Ave SUITE 810 KANSAS CITY, MO 64112 | |
| Defendant/Respondent: ADVANTAGE METALS RECYCLING, LLC | Court Address: 415 E 12th KANSAS CITY, MO 64106 | |
| Nature of Suit: CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: ADVANTAGE METALS RECYCLING, LLC

Alias:

**SERVE: REGISTERED GENT**
**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO 63105**

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-JUL-2021
Date

_____
Clerk

**JACKSON COUNTY**

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

fannie Loe (name) Intake Specilist (title).

☐ other _____.

Served at 120 S. Coufral (address)

in County of St Louis (County/City of St. Louis), MO, on 7-16-21 (date) at 11:47 am (time).

Robert Pelwic
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| Total | $_____ | |

AMY C RAFFERTY
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 18569091
My Commission Expires 02-23-2025

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.